UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JARLE DELROSARIO, | 00 Cr. 121 (RCC) |
| Petitioner, | 03 Civ. 1654 (RCC) |
| - against - | MEMORANDUM & ORDER |
| UNITED STATES OF AMERICA, |  |
| Respondent. |  |

**RICHARD CONWAY CASEY, United States District Judge:**

Jarle DelRosario ("Petitioner") petitions the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Specifically, Petitioner seeks "retroactive" application of U.S.S.G § 3B1.2(b) for a two-point minor role reduction. For the following reasons, the petition is **DENIED**.

**I.      BACKGROUND**

Petitioner was charged in a one-count indictment with conspiring with others from on or about July 1999 through February 2, 2000, to distribute at least 5 kilograms of cocaine and at least 50 grams of crack cocaine in violation of 21 U.S.C. § 846. On November 20, 2001, Petitioner pled guilty to Count One of the indictment pursuant to a plea agreement. On February 26, 2002, this Court sentenced Petitioner to 108 months imprisonment, a sentence within the stipulated guideline range. (Sent. Hr'g Tr. Feb. 26, 2002, at 13.) As he did at sentencing, Petitioner now argues that he should be granted a two-point reduction for his minor role in the offense. (See Sent. Hr'g Tr. Feb. 26, 2002, at 4-7.) The Court rejected Petitioner's arguments then and it does again now.

An FBI investigation revealed that Petitioner was a member of a large-scale, wholesale cocaine-trafficking organization based in the New York City metropolitan area known as the Nunez Organization. Petitioner was primarily responsible for conducting narcotics transactions with Nunez Organization customers and gathering information for Nunez regarding law enforcement presence in the area and the activities of rival narcotics groups. On February 1, 2000 Petitioner was arrested for his involvement in conspiring to distribute at least 500 grams but less than 1 ½ kilograms of crack cocaine.

The plea agreement, which Petitioner signed with the advice of his counsel, included stipulations regarding the proper application of the United States Sentencing Guidelines ("U.S.S.G."). Applying the November 1, 2001 Sentencing Guidelines Manual, the parties stipulated to: (1) a base offense level of 36; (2) a two-level reduction under the safety valve provision; (3) a two-level reduction for acceptance of responsibility; and (4) a one-level

reduction for pleading guilty and thus conserving the Government's and the Court's resources. (Plea Agreement dated Nov. 16, 2001, at 2-3.)  The parties also agreed that Petitioner could argue at sentencing that he was entitled to an additional two-point reduction for his minor role in the offense pursuant to U.S.S.G. § 3B1.2(b).  The Government reserved the right to oppose Petitioner's arguments.  In sum, the parties stipulated that Petitioner's criminal history category was I and his offense level was either 31 or 29, depending on the Court's § 3B1.2 determination, resulting in a sentencing range of 108 to 135 months or 87 to 108 months, respectively.  (Id. at 3.)

The plea agreement contained an additional clause relevant to the instant petition.  The parties agreed that "the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the Stipulated Guidelines Range set forth above (87 to 135 months)."  (Id. at 5.)

At the plea allocution, the Court ascertained that Petitioner entered into the plea agreement knowingly and voluntarily, and that he understood that he was waiving his right to appeal any sentence within the stipulated range.  (Plea Hr'g Tr. Nov. 20, 2001, at 9; Sent. Hr'g Tr. Feb. 26, 2002, at 14-15.)

In preparing Petitioner's Presentence Report ("PSR"), the Probation Department determined that Petitioner was not entitled to a reduction for playing a minor role in the offense and calculated his guideline range as 108 to 135 months with a recommended sentence of 108 months. (PSR ¶ 132).

On February 26, 2002, after reading both parties' submissions on the minor role issue, hearing arguments from counsel, and weighing the evidence, the Court found that Petitioner was not a minor participant and declined to apply a two-point reduction under U.S.S.G. § 3B1.2.  Adopting the guidelines calculation in the plea agreement and the PSR, the Court sentenced Petitioner to a term of imprisonment of 108 months followed by three years of supervised release.  (Sent. Hr'g Tr. Feb. 26, 2002, at 13.)  Petitioner did not appeal his sentence, but now brings the instant petition.

## II.     DISCUSSION
### A.  Effect of Petitioner's Plea Agreement

As an initial matter, the Court considers the effect of Petitioner's plea agreement on his petition.  Petitioner explicitly waived his right to appeal or collaterally attack any sentence within the stipulated guideline range.  See Plea Agreement at 5.  "A defendant's waiver of the right to appeal a sentence within an agreed upon Guidelines range is generally enforceable."  United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999); see also United States v. Djelevic, 161 F.3d 104,106 (2d Cir. 1998) (holding waivers of collateral attacks under § 2255 are similarly enforceable).

A waiver in a plea agreement of a right to appeal or collaterally attack a sentence is

enforceable if it was knowingly and voluntarily made.  See United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997).  "When the government negotiates a plea agreement with a defendant that includes waiver of the right to appeal, one benefit the government is supposed to receive ... is freedom from having to address post-conviction arguments." Latham v. United States, 164 F. Supp. 2d 365, 367 (S.D.N.Y. 2001) (dismissing § 2255 petition without an extensive review of its merits because it violated a "valid and enforceable plea agreement.")  "In no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.  Such an agreement would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contereras, 990 F.2d 51, 53 (2d Cir. 1993) (enforcing a plea agreement's stipulation not to appeal from a sentence falling within a specified range).

The record of Petitioner's plea hearing shows unequivocally that he understood that he could not appeal or bring a motion under § 2255 to attack a sentence within the range set forth in the agreement.  Rule 11 requires that "[b]efore the court accepts a plea of guilty ... the court must inform the defendant of, and determine that the defendant understands ... the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N).  In response to this Court's questions at the plea allocution, Petitioner stated, under oath, that he had reviewed the plea agreement with his lawyer, that he understood he was waiving his right to appeal and to collaterally attack any sentence within the guideline range, and that the waiver was a condition of the plea agreement. (Plea Hr'g Tr. Nov. 20, 2001, at 9; Sent. Hr'g Tr. Feb. 26, 2002, at 14-15.)  Petitioner has not claimed that he entered the plea agreement unwillingly or without knowledge of the waivers.  Accordingly, the Petition could be denied on this basis alone.  See Latham, 164 F. Supp. 2d at 367.  As will be explained below, however, to the extent Petitioner has has any right to bring this petition, it is meritless.  See Cole v. United States, No. 04 Civ. 2716 (RPP), 2005 WL 217019, at *4 (S.D.N.Y. Jan. 27, 2005) (considering merits of § 2255 petition even though it violated clear terms of plea agreement).

**B.     Petitioner's Role in the Offense**

Petitioner asks the Court to "retroactively" apply U.S.S.G. § 3B1.2 and reduce his offense level by two points because he played a minor role in this offense.  As he did at the sentence proceeding, he argues he was a worker at the lower end of the drug distribution hierarchy.  He claims he was simply a lookout or runner at the street level and did not know the full extent of the organization and its activities.  Finally, he submits he only contributed in a small way to the success of the organization.

"The intent of the Guidelines is not to 'reward' a guilty defendant with an adjustment merely because his coconspirators were even more culpable." United States v. Lopez, 937 F.2d 716, 728 (2d Cir. 1991).  Defendant's role must be minor or minimal compared to the average participant in such a crime.  See United States v. Carpenter, 252 F.3d 230, 236 (2d Cir. 2001).

Petitioner began working as a "lookout" for the Nunez Organization before graduating to

the position of "runner." (Sent. Hr'g Tr. Feb. 26, 2002, at 5.) Petitioner may not have been accorded the highest status in the organization, but in his latter role he was nonetheless responsible for conducting narcotics transactions, including collecting money and delivering drugs. (PSR ¶ 25; Sent. Hr'g Tr. Feb. 26, 2002, at 5, 12.) Moreover, Petitioner was intercepted on the wiretaps when he made arrangements for narcotics transactions with the conspiracy's leader and other members of the organization. (PSR ¶ 54; Sent. Hr'g Tr. Feb. 26, 2002, at 5, 12.) Petitioner cannot demonstrate with a preponderance of the evidence that he was a minor participant. Carpenter 252 F.3d 230. Accordingly the Court denies Petitioner's application.

### III.   CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED**. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is asked to close the case.

**So Ordered:**   New York, New York
July 11, 2005

_____
Richard Conway Casey, U.S.D.J.